UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

Donna Himes                                                  Civil Action No. 3:18-CV-818-JHM

      PLAINTIFF

v.

Service Financial Company
Assumed name for
River City Adjustment Bureau, Inc.

      DEFENDANT

\* \* \* \* \*

## SERVICE FINANCIAL'S ANSWER TO COMPLAINT

Comes the Defendant, River City Adjustment Bureau, Inc. D/B/A Service Financial Company ("Service Financial"), by counsel and for its Answer to the Complaint states as follows:

1.      In response to Paragraph 1 of the Complaint, Service Financial admits only that Plaintiff alleges that she is seeking compensatory damages for alleged violations of the Fair Debt Collection Practices Act.  Service Financial denies the remaining allegations contained in Paragraph 1 of the Complaint and denies that it violated the Fair Debt Collection Practices Act in connection with any litigation involving Plaintiff.

2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Service Financial denies the allegations contained in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Service Financial admits that Plaintiff, Donna Himes, is a natural person who upon information and belief resided in Jefferson County, Kentucky.  The remaining allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Service Financial denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, Service Financial admits that it is a Kentucky corporation, River City Adjustment Bureau, Inc., that does business as Service Financial Company and its principal place of business is located at 4641 Dixie Highway, Louisville, KY 40216.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Service Financial denies the allegations therein. Service Financial further denies that it operates in such a way to appear to a debtor that it is a third party.

6.      In response to Paragraphs 6 and 7 of the Complaint, Service Financial states that the Retail Installment Contract and Security Agreement speaks for itself and does not require admittance or denial herein.  Service Financial denies any allegations that are inconsistent with the language contained in the subject Retail Installment Contract and Security Agreement.

7.      Service Financial is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint concerning Plaintiff's use of the vehicle that was the subject of the Retail Installment Contract and Security Agreement and therefore denies same.  The remaining allegations contained in Paragraph 8 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Service Financial denies the allegations therein.

2

8.      In response to Paragraph 9 of the Complaint, Service Financial states that the Retail Installment Contract and Security Agreement speaks for itself and does not require admittance or denial herein.  Service Financial denies any allegations that are inconsistent with the language contained in the subject Retail Installment Contract and Security Agreement.

9.      In response to Paragraphs 10 and 11 of the Complaint, Service Financial admits that Plaintiff did not honor the terms and conditions of the subject Retail Installment Contract and Security Agreement.  Service Financial is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraphs 10 and 11 of the Complaint and therefore denies same.

10.     In response to Paragraph 12 of the Complaint, Service Financial admits that Plaintiff did not honor the terms and conditions of the subject Retail Installment Contract and Security Agreement and that it is entitled to collect on the defaulted loan.

11.     In response to Paragraphs 13 and 14 of the Complaint, Service Financial admits that it initiated Jefferson Circuit Court, Case Number 13-CI-004420, against Plaintiff and Letissha Blakey.  The Complaint filed in Jefferson Circuit Court, Case Number 13-CI-004420, speaks for itself and does not require admittance or denial herein.  Service Financial denies any allegations that are inconsistent with the language contained in the subject Complaint.

12.     In response to Paragraph 15 of the Complaint, Service Financial admits that the trial court entered a Default Judgment against Plaintiff Donna Himes in Jefferson Circuit Court, Case Number 13-CI-004420.

13.     In response to Paragraphs 16 and 17 of the Complaint, Service Financial states that the Bill of Costs filed on its behalf in Jefferson Circuit Court, Case Number 13-CI-004420, speaks for itself and does not require admittance or denial herein.  Service Financial denies any

allegations that are inconsistent with the Bill of Costs filed on its behalf in Jefferson Circuit Court, Case Number 13-CI-004420.

14.     In response to Paragraph 18 of the Complaint, Service Financial states that the Bill of Costs filed on its behalf in Jefferson Circuit Court, Case Number 13-CI-004420, speaks for itself and does not require admittance or denial herein.  Service Financial denies any allegations that are inconsistent with the Bill of Costs filed on its behalf in Jefferson Circuit Court, Case Number 13-CI-004420.

15.     Paragraphs 19, 20. 21, 22 and 23 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Service Financial denies the allegations therein.

16.     In response to Paragraph 24 of the Complaint, Service Financial admits that a Bill of Costs was filed on its behalf in Jefferson Circuit Court, Case Number 13-CI-004420, on February 22, 2018.

17.     Service Financial denies the allegations contained in Paragraphs 25, 26, 32, and 33 of the Complaint.

18.     In response to Plaintiff's demand for judgment and prayer for relief contained in the WHEREFORE paragraph of the Complaint, Service Financial denies liability for Plaintiff's demand for judgment or any other sum.

19.     Service Financial denies each and every allegation and statement contained in the Complaint not otherwise specifically addressed herein.

## AFFIRMATIVE DEFENSES

1.     Service Financial affirmatively states and alleges that the Complaint fails to state a claim under the Fair Debt Collection Practices Act upon which relief can be granted.

4

2.      Service Financial affirmatively states and alleges that to the extent any violation of the Fair Debt Collection Practices Act is established, any such violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.      Service Financial affirmatively states and alleges that one or more of the claims asserted in the Complaint may be barred by applicable statute of limitations.

4.      Service Financial affirmatively states and alleges that Plaintiff's claims may have been caused, in whole or in part, by the independent, intervening or superseding acts of other individuals or entities over whom this Defendant has no control and for whom it has no legal responsibility.

5.      Service Financial affirmatively states and alleges that it complied with all terms and conditions of the parties' contract.

6.      Service Financial affirmatively states and alleges that Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, unclean hands or estoppel.

7.      Service Financial reserves the right to amend or otherwise supplement this Answer as discovery continues in this case to include additional affirmative defenses as the proof so dictates.

WHEREFORE, Defendant, Service Financial Company, by counsel, demand judgment dismissing the Plaintiff's Complaint with Prejudice and award of its costs herein expended, and any and all other proper relief to which it may appear to be entitled

BOEHL STOPHER & GRAVES, LLP

/s/ *Michelle L. Duncan*

Edward H. Stopher
Michelle L. Duncan
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone:  (502) 589-5980
Fax:  (502) 561-9400
estopher@bsg-law.com
mduncan@bsg-law.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

James McKenzie
James R. McKenzie Attorney, PLLC
115 S. Sherrin Avenue, Suite 4
Louisville, Kentucky  40207
jmckenzie@jmckenzielaw.com

James H. Lawson
Lawson at Law, PLLC
115 S. Sherrin Avenue, Suite 4
Louisville, Kentucky 40207
james@kyconsumerlaw.com

/s/ *Michelle L. Duncan*
COUNSEL FOR DEFENDANT

6